NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDMUND ROUND,**
*Petitioner,*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent.*

---

2011-3093

---

Petition for review of the Merit Systems Protection Board in case no. CB7521030012-M-1.

---

Decided: November 10, 2011

---

EDMUND ROUND, of Shaker Heights, Ohio, pro se.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief was DAVID

SKIDMORE, Office of the General Counsel, Social Security Administration, of Chicago, Illinois.

———————————

Before LOURIE, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

Edmund Round ("Round") appeals from a decision of the Merit Systems Protection Board ("Board") finding that good cause existed to discipline him for insubordination and imposing a five-day suspension, without pay. *Soc. Sec. Admin. v. Round*, No. CB-7521-03-0012-M-1 (M.S.P.B. Dec. 23, 2009) ("*Initial Decision*"), *reh'g denied*, (M.S.P.B. Jan. 28, 2011) ("*Final Order*"). For the reasons explained below, this court affirms.

BACKGROUND

Round is an administrative law judge in the Cleveland, Ohio office of the Social Security Administration ("the Agency"). In 2002, Round and other administrative law judges in that office drafted standard form prehearing orders to be issued in their cases. Despite receiving a direct order from his supervisor to strike certain provisions identified as objectionable, Round deliberately disobeyed this order and instead directed his staff to mail prehearing orders containing the objectionable provisions. At least forty-six of these orders were issued.

On August 27, 2003, the Agency filed charges before the Board against Round for, *inter alia*, insubordination and requested authority to impose a fifteen-day suspension, without pay. Among the defenses raised by Round, he contended that the requested disciplinary action violated the terms of a July 2002 settlement agreement reached in *Dethloff v. Social Security Administration* ("the Settlement Agreement"). *See generally Dethloff v. Soc. Sec. Admin.*, 100 M.S.P.R. 340, 341 (2005) (noting that

White and Isbell entered into a settlement agreement with the Agency). The Board sustained the charge of insubordination and concluded that a fifteen-day suspension without pay was appropriate. *Soc. Sec. Admin. v. Isbell*, No. CB-7521-03-0010-T-1 (M.S.P.B. May 27, 2005). As to Round's "Settlement Agreement" defense, the Board questioned its applicability to Round because he was not a party, but concluded that even if it applied to Round, the terms of the Settlement Agreement were not violated. *See id.* at 21 n.19 ("Because of my finding regarding the agreement, I need not address the effect of the fact that Round was not a party to the agreement."). This court subsequently vacated the Board's judgment and remanded to the Board for an evidentiary hearing. *Isbell v. Soc. Sec. Admin.*, No. 2006-3431 (Fed. Cir. Dec. 6, 2007).

On remand and after a hearing, the Board sustained the insubordination charge. *Initial Decision* at 20. The Board found that Round's insubordination was "serious," "clearly intentional," and "performed in the face of specific and repeated warnings from [his superior]." *Id.* at 31. Because, however, Round had previously performed his duties in an exemplary manner, was motivated by a desire to improve efficiency, and had engaged in no acts of misconduct in the intervening six years, the Board reduced the penalty to a five-day suspension. *Id.* at 31-32. The Board similarly rejected Round's "Settlement Agreement" defense a second time. *Id.* at 22-25, 27-29. The Board affirmed on rehearing, *Final Decision* at 5, and Round timely appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having

been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Round argues that the order he was found to have disobeyed was "not one that [the Agency] was entitled to have obeyed." Pet'r's Br. 10. Specifically, Round contends that the order was inconsistent with what the Agency agreed to do six months prior in the Settlement Agreement. Moreover, Round contends that, under the Settlement Agreement, the Agency could not bring a charge of insubordination but could only return to the Board and allege a breach of the agreement. *Id.* at 10-11.

The Agency responds that the Settlement Agreement in *Dethloff* does not apply to Round because he was neither a party to the Settlement Agreement nor a party to those proceedings. Resp's Br. 12-13. The Agency further responds that, even if Round was covered by the Settlement Agreement, it neither extinguished nor foreclosed the Agency's statutory power to bring a disciplinary action, which it brought here, under the framework of 5 U.S.C. § 7521.

This court agrees with the Agency because Round was not a party to the Settlement Agreement or the *Dethloff* proceedings. By the plain terms of the Settlement Agreement, it applies only to administrative law judges Isbell and White and the Agency. Round's contention that he was an intended beneficiary because the Settlement Agreement states that "the Agency will treat [Isbell and White] the same as all other judges in the Cleveland Hearing Office" similarly lacks merit. The plain meaning of those terms is that the Agency would treat Isbell and White no differently from the other judges in the office, not that all other judges in the office acquired a right to enforce the agreement. Thus, because Round's sole argument on appeal relies on the applicability of the Settlement Agreement, which this court concludes is

inapplicable to him, and because Round has failed to identify any other reversible error, the decision of the Board is affirmed.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.